UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEONARD WOOD,<br>Petitioner,<br>v.<br>UNITED STATES OF AMERICA,<br>Respondent. | Case No.: 02-CR-0624-2-L<br>02-CR-0625-2-L<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO VACATE, SET ASIDE, or CORRECT SENTENCE UNDER 28 U.S.C. 2255, and**<br><br>**(2) DENYING CERTIFICATE OF APPEALABILITY** |

Petitioner, Robert Leonard Wood ("Petitioner") filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. Respondent filed a Response and Opposition to the Motion. The Court has reviewed the record, the submissions of the parties, and the supporting exhibits. For the reasons set forth below, the Court **DENIES** Petitioner's Motion without prejudice.

//

## I. BACKGROUND

Petitioner Robert Leonard Wood was charged on March 7, 2002 in two indictments as follows: in case number 02-CR-0624-L Petitioner was charged with three counts of conspiracy to commit murder in violation of 18 U.S.C. § 1959(a)(5), characterized as violent crimes in aid of racketeering ("VCAR"); and in case number 02-CR-0625-L Petitioner was charged with one count of conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. (Indictment, Case No. 02-CR-0624 [ECF NO. 8]; Indictment, Case No. 02-CR-0625 [ECF NO. 1.])

On February 28, 2003, Petitioner pled guilty to Count One of the indictment in Case No. 02-CR-0624-L and Count One of the indictment in Case No. 02-CR-0625-L and entered a plea agreement. (Plea Agreement Case No. 02-CR-0624 [ECF NO. 53]; Plea Agreement, Case No. 02-CR-0625 [ECF NO 144.]) On July 10, 2003, Petitioner was sentenced by this Court to concurrent sentences of 120 months, three years supervised release, a $1000 fine, and a special assessment of $100 in Case No. 02-CR-0624-L ("the VCAR case"); and 300 months, five years supervised release and a special assessment of $100 in Case No. 02-CR-0625-L ("the drug case"). (Amended Judgment, Case No. 02-CR-0624 [ECF NO. 104]; Amended Judgment, Case No. 02-CR-0625 [ECF NO. 300.])[1]

On July 29, 2003, Petitioner filed a Notice of Appeal. [Notice, Case No. 02-CR-0624 [ECF NO. 94]; Notice, Case No. 02-CR-0625 [ECF NO. 242.]) The Ninth Circuit dismissed Petitioner's appeal upon the determination that he knowingly and voluntarily entered a plea waiver, waiving his right to appeal. *United States v. Wood*, 117 F.App'x 519, 521 (9th Cir. 2004). Petitioner filed his first petition under 28 U.S.C. 2255 in this Court on December 2, 2005. (Mot. [ECF NO. 176.]) On July 24, 2007, this Court dismissed Petitioner's petition as barred by his appellate waiver, and to the extent

---

[1]The Judgments were amended for clerical error.

Petitioner's claims were not barred by waiver, the Court denied his claims on the merits. (Order [ECF NO. 224.])

On May 17, 2016, Petitioner filed an application in the Ninth Circuit Court of Appeals for leave to file a second or successive section 2255 motion in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015). *Wood v. United States*, Application, Case No. 16-71500, (9th Cir. May 17, 2016). On June 24, 2016, Petitioner filed the current petition in case numbers 02-CR-0624 and 02-CR-0625 to protect the statute of limitations while the application for leave to file a second or successive section 2255 petition was pending before the Ninth Circuit. [Motion, Case No. 02-CR-0624 [ECF NO. 297]; Motion, Case No. 02-CR-0625 [ECF NO. 689.] On December 22, 2016, the Ninth Circuit granted Petitioner's application for leave to file a second or successive petition. *See Wood v. United States*, C.A. No. 16-71500. This Court issued a briefing schedule on Petitioner's Motion and the Government filed a Response in Opposition on May 19, 2017, followed by Petitioner's Reply on May 22, 2017.

## II. DISCUSSION

Under 28 U.S.C. § 2255, a federal prisoner "may move the court which imposed the sentence to vacate, set aside or correct the sentence" on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A prisoner seeking relief pursuant to section 2255 must allege a constitutional, jurisdictional, or otherwise "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962). It is incumbent on the the petitioner to show by a preponderance of the evidence that he is entitled to relief. *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002).

Petitioner contends that his sentence was improperly enhanced under the residual clause of the career offender statute, U.S.S.G. § 4B1.2, which he contends has since been

found to be unconstitutional under *Johnson*. (Mot. at 2). Petitioner argues by analogy that the Armed Career Criminal Act ("ACCA") residual clause held void-for-vagueness in *Johnson* is identical to the "residual clause" in the career offender definition of a "crime of violence" under USSG § 4B1.2(a)(2), therefore the Court must reconsider his sentence without the career offender designation. (*Id.*) Despite the passage of a great deal of time since Petitioner's sentencing, he argues that his claims are not procedurally barred because he could not have raised them prior to *Johnson's* holding. (*Id*. at 16).

The Government objects and contends the Court should dismiss or deny the Petition for six reasons: (1) Petitioner waived his right to collaterally attack his sentence through his plea; (2) Petitioner procedurally defaulted his claim regarding the career offender guidelines calculation because he did not raise this claim on appeal; (3) Petitioner cannot demonstrate that the residual clause in USSG § 4B1.2 was relied upon in his sentencing; (4) Petitioner cannot raise a due process challenge to the application of the advisory or mandatory guidelines after *Beckles v. United States*, 137 S.Ct. 886, 890 (2017); (5) even if *Johnson* allows due process vagueness challenges to mandatory guidelines, it represents a procedural and not substantive rule which does not apply retroactively to seek collateral relief; (6) California Penal Code § 211 remains an enumerated crime of violence independent of the residual clause therefore the Court had an independent basis upon which to find that Petitioner qualified as a career offender. (Oppo at 2).

**A. Waiver and Successiveness**

As part of his plea agreement, Petitioner waived the right to appeal and to collaterally attack his judgment and sentence under 28 U.S.C. § 2255 unless the Court imposed a sentence in excess of the high end of the guideline range**.** (Plea Agreement at 14, Case No. 02-cr-0624 [ECF NO. 53]; Plea Agreement at 14, Case No. 02-cr-0625 [ECF NO. 144]). The Court previously found that Petitioner's waiver of his appellate and collateral attack rights was knowing and voluntary, and that none of the potential limitations to the validity of his waiver were applicable. (Order at 3 [ECF NO. 482.]) Petitioners waiver

would therefore appear to foreclose his right to bring this challenge, however the 9th Circuit in *United States v. Torres*, 828 F.3d 1113, 1125 (9th Cir. 2016), held that a defendant's waiver does not bar an appeal if the defendant was sentenced under a Guidelines provision that has since been found to be unconstitutionally vague. Although the reasoning of the Ninth Circuit is sparse in *Torres*, the Court finds that Petitioner's prior waiver does not prohibit him from challenging his sentence to the extent it was enhanced under the now unconstitutional residual clause of § 4B1.2.

As previously noted, Petitioner has likewise overcome the hurdle to filing a second or successive petition pursuant to section 2255 in light of the Ninth Circuit's authorization under 28 U.S.C. § 2255 (h)(2) finding that Petitioner's motion "makes a prima facie showing for relief under *Johnson v. United States*." (*Wood v. United States*, No. 16-71500 (Dec. 22, 2016).) The appellate Court further noted that "*Johnson* announced a new substantive rule that has retroactive effect in cases on collateral review," citing *Welch v. United States*, 136 S.Ct. 1257, 1264-68 (2016). (*Id*.)

**B. Procedural Default**

A petitioner must first raise his claim on direct appeal before challenging his sentence under § 2255 or he procedurally defaults the claim. *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir.2003). A procedural default may be overcome and a petitioner may raise the claim in a habeas petition "'only if the defendant can first demonstrate either cause and actual prejudice or that he is actually innocent.' " *United States v. Braswell*, 501 F.3d 1147, 1149 (9th Cir.2007)

The Government argues that Petitioner procedurally defaulted his claim because he did not raise it on appeal and he does not attempt to excuse this default by demonstrating cause and prejudice. (Oppo 12). Nor is it possible for Petitioner to demonstrate cause for his default, in the Government's view, because challenges to sentencing guidelines as unconstitutionally vague were not novel at the time he appealed his sentence, and his attorney should have known that a challenge to the residual clause on vagueness grounds could be raised. (*Id*.) Petitioner has also failed to show he suffered actual prejudice as a

result of the alleged sentencing error according to the Government, and instead he has only alleged that the Court misapplied the sentencing guidelines. (*Id*. 15)

Petitioner claims that his challenge to the residual clause is novel and could not have previously been raised because attacks on the constitutionality of the residual clause had failed until *Johnson,* which explicitly overruled precedent and overturned widespread practices, citing *Reed v. Ross*, 468 U.S. 1, 16 (1984). (Reply 4). Petitioner argues he is serving more time in custody as a result of the enhancement because he was exposed to a sentence range with a low-end of 290 months as a result of the career offender enhancement, but without the enhancement, the low-end exposure would have been 235 months, a difference of almost five years. (*Id*.) The career offender designation thus prejudiced him by exposing him to a higher sentencing range which resulted in a higher sentence.

1. ***Cause***

Cause can be demonstrated by showing that the procedural default is "due to an objective factor that is external to the petitioner and cannot be fairly attributed to him." *Manning v. Foster*, 224 F.3d 1129, 1133 (9th Cir. 2000)(internal quotes omitted). The Supreme Court has excused procedural default on collateral review where (1) the claim was "novel" in a court proceeding, *Reed*, 468 U.S. at 16, (2) the defendant received ineffective assistance of counsel, *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000), or (3) the defendant is actually innocent. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1932 (2013). A petitioner can demonstrate cause for the failure to pursue a claim if he can show that "the factual or legal basis for a claim was not reasonably available to counsel" at the time of direct appeal. *Murray v. Carrier*, 477 U.S. 478.

Contrary to the Government's position, the Court finds that Petitioner's claim is sufficiently novel to demonstrate cause for his failure to raise it on appeal. A petitioner may demonstrate that a claim is novel if it fits into one of three categories identified by the Supreme Court which represent "a clear break with the past." *Desist v. United States*, 394 U.S. 244, 248 (1969). First, a decision of this Court may explicitly overrule one of

the Supreme Court's precedents. *Reed*, 468 U.S. at 17. Second, a decision may "overtur[n] a longstanding and widespread practice to which the Supreme Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved." *Id*. Finally, "a decision may 'disapprov[e] a practice this Court arguably has sanctioned in prior cases.'" *Id.*

Constitutional challenges to the residual clause had been raised prior to Petitioner's sentencing, and the Ninth Circuit denied those challenges, holding that the residual clause was not void for vagueness. *James v. United States*, 550 U.S. 192, 209 (2007) and *Sykes v. United States*, 564 U.S. 1, 16 (2011). However, *Johnson* overruled *James* and *Sykes,* placing Petitioner's claim squarely within the first of *Reed's* three categories. *See Johnson*, 135 S.Ct at 2563 ("Our contrary holdings in *James* and *Sykes* are overruled.") In addition, the Supreme Court held that *Johnson* was a "new substantive rule that has retroactive effect in cases on collateral review." *Welch*, 136 S.Ct. at 1268.

Where, as here, retroactive effect is given to a case which falls into one of the first two categories, an attorney will have had no reasonable basis to raise the claim where it would undoubtedly meet defeat, instead "the failure of a defendant's attorney to have pressed such a claim before a . . . court is sufficiently excusable to satisfy the cause requirement." *Reed*, 468 U.S. at 17. Therefore, a vagueness challenge to the residual clause of section 4B1.2 was foreclosed at the time of Petitioner's sentence by Supreme Court precedent. *United States v. Savage*, 231 F.Supp. 542, 563 (9th Cir. 2017).

In addition, at the time of petitioner's sentencing and during the time within which he would have appealed, there was a longstanding and widespread practice of courts enhancing sentences under § 4B1.2's residual clause which was overturned by *Johnson*. *See* e.g. *United States v. Park*, 649 F.3d 1175, 1177-78 (9th Cir. 2011) (holding California residential burglary to be a "crime of violence" under the residual clause of § 4B1.2); *United States v. Spencer*, 724 F.3d 1133 (9th Cir. 2013)(holding Hawaii criminal property damage in the first degree was "crime of violence" under residual clause of §

4B1.2). Petitioner's claim is novel under either of the first two categories in *Reed*, therefore, Petitioner has demonstrated cause for his failure to previously raise his claim.

2. ***Prejudice***

To establish "prejudice," Petitioner must demonstrate that he suffered actual prejudice from the claimed violation, meaning it worked to his "actual and substantial disadvantage." *United States v. Braswell*, 501 F.3d 1147, 1149-50 (9th Cir. 2007). "[I]n the ordinary case a defendant will satisfy his burden to show prejudice by pointing to the application of an incorrect, higher Guidelines range and the sentence he received thereunder." *Molina-Martinez v. United States*, 136 S.Ct. 1338, 1347 (2016).

Petitioner was designated as a career offender under U.S.S.G. § 4B1.2 as a result of his prior California robbery conviction, which changed his criminal history score from IV to VI, thereby increasing the applicable sentencing range from a low-end of 235 to a low-end of 292. The Court added 8 months to the low-end of the career offender range as requested by the Government, for a sentence of 300 months. The Court applied the correct Guidelines range in effect at the time of his sentencing, however, if it is determined that Petitioner's sentence was enhanced under the arguably unconstitutional residual clause of section 4B1.2, and all other sentencing factors remained the same, he has demonstrated he suffered actual prejudice as required under *Molina-Martinez* because he is serving a longer term of confinement as a result of the career offender designation.

For the above reasons, the Court finds Petitioner has sufficiently demonstrated cause and prejudice to overcome the procedural default of his claim.

**C. Merits**

The career offender guidelines increase the base offense level and criminal history category for a defendant whose "instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense" and who "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1. A "crime of violence" was defined at the time of Petitioner's

sentencing as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that" –

> (1) has an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*.

U.S.S.G. § 4B1.2(a) (emphasis added).

Courts typically refer to section 4B1.2(a)(1) as the "force" or "elements" clause, and to the first part of section 4B1.2(a)(2) which lists four specific offenses as the "enumerated offenses" clause. *United States v. Molinar*, 881 F.3d 1064, 1067 (9th Cir. 2017). The italicized clause is commonly called the "residual clause." *Id*.

At the time Petitioner was sentenced, the application Note of the Commentary to Section 4B1.1 further refined the definition of "crime of violence" to include the following:

> Murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, *robbery*, arson, extortion, extortionate extensions of credit, and burglary of a dwelling. Other offenses are included as "crimes of violence" is (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (i.e. expressly charged) in the count of which the defendant was convicted involved use of explosives (including any explosive material or destructive device) or, by its nature, presented a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2 Application note 1 (emphasis added).

In *Johnson*, the Supreme Court considered the residual clause of the ACCA, a similar sentence enhancing statute which imposes a fifteen-year minimum prison sentence on anyone who violates 18 U.S.C. § 922(g) and has three prior convictions for either violent felonies or serious drug offenses. *Id*. at 2555; 18 U.S.C. § 924(e)(1). *Johnson*, 135 S.Ct. at 2556. Under the ACCA, there are three definitions for "violent felony," one of which states that a felony that "involves conduct that presents a serious

potential risk of physical injury to another" and is referred to as the residual clause for its catch-all nature. *Id*. 2555-56; § 924(e)(2)(B)(ii). The Court employed the categorical approach and struck down the residual clause as unconstitutionally vague, finding that the language of the residual clause "fails to give ordinary people fair notice of the conduct it punishes" and "invites arbitrary enforcement," thereby violating due process. *Id.* at 2556.

Petitioner argues that the residual clause found to be void-for-vagueness in *Johnson,* mirrors the residual clause in the career offender statute, rendering it unconstitutionally vague as well. He claims that this Court must have relied upon the residual clause and Note 1's list of included offenses when finding that his prior robbery conviction qualified as a "crime of violence" for purposes of enhancing his sentence, because California robbery does not qualify as a "crime of violence" under the force clause or enumerated offenses clause. (Mot. 7-8).

As a primary matter, the Court finds no support in the record for Petitioner's contention that the residual clause served as the basis of his career offender designation to the exclusion of other portions of section 4B1.2. It is Petitioner's burden to prove his claims by a preponderance of the evidence and yet Petitioner has cited to no portion of the record, nor any sentencing documents, to verify his assertion that the residual clause formed the foundation for his enhancement. *Silva*, 279 F.3d at 835. Additionally, the Court finds no merit to Petitioner's assertion that application Note 1 applies exclusively to the residual clause. Recently the Ninth Circuit explained that Note 1 applies to the enumerated offenses clause under the career offender guidelines. *United States v. Givens*, 268 F.Supp. 3d 1108, 1118 (9th Cir. 2017) ("It is . . . clear that the Sentencing Commission . . . intended robbery and the other felonies listed in application note 1 to constitute an expanded list of crimes of violence under the enumerated-offense clause.")

Further support for Note 1's application to the enumerated offenses clause rather than the residual clause appears in the most recent Guidelines themselves. After the decision in *Johnson*, the Sentencing Commission made changes to the career-offender guideline including the removal of the offending residual clause, and the inclusion of the

list of felonies in application Note 1 directly into the enumerated offense clause. *See* U.S.S.G. §4B1.2(a)(2016). As evidenced above, it is clear that Note 1 applies to the enumerated offense clause and not the residual clause as Petitioner claims.

Even if Petitioner could demonstrate that the Court relied upon the residual clause when determining his career offender designation, it would appear from the Supreme Courts holding in *Beckles* that Petitioner's challenge to the residual clause on vagueness grounds is impermissible. *Beckles*, 137 S.Ct. at 888. The *Beckles* court held that the advisory Guidelines, "including § 4B1.2(a)'s residual clause, are not subject to vagueness challenges under the Due Process Clause" because "the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.* at 892.

Petitioner contends that *Beckles* does not apply to him because he was sentenced under the mandatory Guidelines in place at the time, and the holding applies only to sentences under the advisory Guidelines. (Supp. Brief. 4). Where guidelines firmly set the sentencing range, as with the mandatory Guidelines, Petitioner claims that void for vagueness attacks are permissible. Indeed, Justice Sotomayor's concurrence in *Beckles* seems to indicate that vagueness challenges against mandatory Guidelines may not be completely foreclosed noting "the Court's adherence to the formalistic distinction between mandatory and advisory rules at least leaves open the question whether defendants sentenced to terms of imprisonment . . . during the period in which the Guidelines did 'fix the permissible range of sentences,' … may mount vagueness attacks on their sentences." *Beckles*, 137 S.Ct. at 903 n.4. However, the Supreme Court did not carve this exception to the rule against vagueness challenges to the Guidelines, therefore, this Court finds Petitioner's void-for-vagueness challenge to his sentence is impermissible.

Instead, Petitioner was properly considered a career offender because California Penal Code § 211 qualifies as a "crime of violence" under the enumerated offenses clause

giving the Court an independent basis upon which to rest its sentencing decision. To determine whether a state statute of conviction meets the career offender Guidelines definition of "crime of violence," a court applies the categorical approach as articulated in *Taylor v. United States,* 495 U.S. 575 (1990). Under the categorical approach, a court may only "compare the elements of the statute forming the basis of the defendant's [prior] conviction with the elements of the generic crime." *Descamps v. United States*, 570 U.S. 254 (2013).

Here, the Court must compare California Penal Code section 211 and the federal generic definition of robbery. Under section 211, robbery is defined as "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." Cal. Penal Code § 211. Under Ninth Circuit authority, "generic robbery" is defined as "aggravated larceny, containing at least the elements of misappropriation of property under circumstances involving immediate danger to the person." *U.S. v Becerril-Lopez*, 541 F.3d 881, 891 (9th Cir. 2008).

In *Molinar*, the Ninth Circuit compared Arizona's armed robbery statute with federal generic robbery statute under the enumerated offenses clause. *United States v. Molinar*, 881 F.3d 1064, 1070 (9th Cir. 2017). In determining that the Arizona's statute qualified as a crime of violence under 4B1.2's enumerated clause, the Court held that "for a state crime to be equivalent to generic robbery it must require property to be taken from a person or a person's presence by means of force or putting in fear." *Id*. After considering the definitions of "force" and "fear" the Court held that "Arizona robbery is coextensive with generic robbery and is thus a crime of violence under Section 4B1.2's enumerated felonies clause." *Id*. at 1075. Similarly, California robbery requires that personal property must be taken from a person or a person's immediate presence, against his will, accomplished by means of force or fear, which renders it coextensive with federal generic robbery. Cal Pen. Code § 211.

Accordingly, the Court finds that Petitioner's prior California Penal Code § 211 robbery conviction qualified as a "crime of violence" under the enumerated offense clause of the career offender statute thereby properly enhancing his sentence. For the above reasons, the Court **DENIES** his claim.

**D. CERTIFICATE OF APPEALABILITY**

A certificate of appealability is authorized "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, Petitioner must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Petitioner does not have to show "that he should prevail on the merits. He has already failed in that endeavor." *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (internal quotation omitted).

Having reviewed the matter, the Court finds that Petitioner has not made a substantial showing that he was denied a constitutional right and the Court is not persuaded that jurists could disagree with the Court's resolution of his claims or that the issues presented deserve encouragement to proceed further. Therefore, a certificate of appealability is **DENIED** .

**E. CONCLUSION**

For the foregoing reasons, Petitioner's Motion under section 2255 is **DENIED** without prejudice. Further, the Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED**

Dated: May 24, 2018

Hon. M. James Lorenz
United States District Judge